UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
www.moed.uscourts.gov

| MELANIE I. REYES, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:10-cv-01381-NAB |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

Presently pending before the Court is plaintiff Melanie Reyes' ("Reyes") Motion for Partial Summary Judgment on the Issue of Choice of Law (Doc. 16). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Reyes was awarded a judgment against Carolina Clean, Inc. ("Carolina Clean") in Missouri state court for injuries she sustained in August 2007. Reyes filed a Petition for Equitable Garnishment in the Circuit Court of the City of St. Louis against Defendant Nationwide Mutual Insurance Company ("Nationwide"). Nationwide removed the case to this Court. The issue before this Court is whether Missouri or Virginia law governs the interpretation and construction of the liability insurance policy issued by Nationwide to Carolina Clean.

**FACTUAL BACKGROUND**[1]

Carolina Clean is a commercial cleaning company that did business pursuant to federal contracts in Missouri and Virginia. Carolina Clean contracted with Nationwide for a contractors liability insurance policy. The policy insured Carolina Clean's employees for actions undertaken by them in the scope of their employment. The policy was issued by Nationwide's office in Virginia and delivered to Carolina Clean's post office box in Virginia.

The declarations page of the policy describes the business as "janitorial service" with a location in Newport News, Virginia. The boilerplate contract language provides the coverage territory as "The United States, Puerto Rico and Canada." In addition, there is an amendment titled "Virginia Changes" included in the policy.

The policy was in effect on August 16, 2007, the date that Melanie Reyes was injured. Reyes suffered those injuries when she slipped and fell at a child care center in Fort Leonard Wood Missouri. Carolina Clean was the company that cleaned and mopped floors at the center.

On April 17, 2009, Reyes filed a claim for negligence against Carolina Clean. Carolina Clean informed its insurance carrier, Nationwide, of the claim on April 23, 2009. Nationwide denied coverage to Carolina Clean, claiming Carolina Clean did not comply with the terms of the insurance policy, and as such, there is no coverage. Specifically, Nationwide claimed that Carolina Clean did not provide notice "as soon as practicable" after the occurrence because, the incident in question occurred on August 16, 2007 and notice was not given to Nationwide until April 23, 2009. After a bench trial, Reyes was awarded a judgment of $700,000 against Carolina Clean for her injuries. Reyes filed a Petition for Equitable Garnishment against Nationwide. Due

---

[1]The Factual Background is taken from the uncontroverted facts submitted by both Reyes and Nationwide. The facts cited by the Court are facts to which the parties agree there is no dispute.

to the diversity of the citizenship of the parties, Nationwide removed the case to this court.

**SUMMARY JUDGMENT**

The parties agree that the insurance policy does not contain a choice of law provision. In the partial summary judgment motion, Reyes asks this Court to order that Missouri law governs the interpretation of the contract between Nationwide and Carolina Clean. Nationwide, on the other hand, maintains that Virginia law applies.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Id. at 327 (quoting Fed.R.Civ.P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23. "Thus, where the moving party can point to the absence of any evidence satisfying a necessary element of a claim, such as damages, and the non-moving party fails to produce any such evidence, summary judgment is properly entered." Meterlogic, Inc. v. KLT, Inc., 368 F.3d 1017, 1018-19 (8th Cir. 2004). The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P.56(e); Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." Olson v. Pennzoil Co., 943 F.2d 881, 883 (8th Cir.1991).

**CHOICE OF LAW**

Federal Courts sitting in diversity apply the choice of law rules of the forum state to determine the applicable foreign law. Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1320 (8th Cir. 1991). Missouri has adopted Sections 188 and 193 of the Restatement (Second) of Conflict of Laws (1971) for the purpose of determining which state's law governs the interpretation of an

4

insurance policy which does not contain a choice of law provision. Viacom, Inc. v. Transit Cas. Co., 138 S.W.3d 723, 724-25 (Mo. 2004). Pursuant to Section 188, the rights and duties of the parties are determined by the law of the state with the most significant relationship to the transaction and the parties. Restatement (Second) of Conflict of Laws (1971) § 188(1). The contacts to be taken into account include: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." Id. § 188(2). Further, in accordance with Section 193, "[t]he validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy . . ." unless some other state has a more significant relationship. Id. at § 193. Generally, "[t]he location of the insured risk will be given greater weight than any other single contact in determining the state of the applicable law provided that the risk can be located, at least principally, in a single state." Id. § 193 cmt. b. However, "where the policy covers a group of risks that are scattered throughout two or more states," the location of the risk has less significance. Id.; s*ee also* Viacom, 138 S.W.3d at 725 (location of risk has less significance where risks are scattered throughout two or more states).

Reyes maintains that § 193 of the Restatement controls because Missouri is the principal location of the insured risk. On the other hand, Nationwide argues that Virginia is the principal location of Carolina Clean, and accordingly under the principles of § 193 Virginia law should apply. Nationwide also claims that this is a situation where there is no principal location for the insured risk and therefore § 188 of the Restatement controls.

5

Reyes relies on Crown Center Redevelopment Corp. v. Occidental Fire & Cas. Co. 716 S.W.2d 348 (Mo. App. W.D. 1986) for her proposition that § 193 controls. In Crown Center, insurance was obtained by Crown Center and Hyatt for the construction of a hotel located in Missouri. Id. at 350. The policies additionally covered Hyatt hotels located in twenty-eight states; therefore the court applied § 193 Comment f and found the specific location of the insured risk controlled. Id. at 358-59. In its opinion, the court cited to Diamond Int. Corp. v. Allstate Ins. Co., 712 F.2d 1498, 1500-02 (1st Cir. 1983), a case in which the insurance policy expressly extended to subsidiaries. Crown Center, 716 S.W.2d at 359. Therefore, the Diamond court found the primary location of the insured risk was the location of each individual subsidiary. Id. at 1502. Further, the Crown Center court was faced with over twenty different insurance policies covering the same catastrophe and cited to Indus. Indem. Ins. Co. v. United States, 757 F.2d 982, 987-88 (9th Cir. 1985), which held that a state with a significant relationship to the transaction may be chosen for the sake of uniformity of contract interpretation particularly when that state has a materially greater interest in the particular issue. Crown Center, 716 S.W.2d at 359.

Although Crown Center applied § 193 Comment f, because "the insurance policies cover[ed] Hyatt hotels located in some [twenty-eight] states", the case is distinguishable. Crown Center, 716 S.W.2d at 359. First, there is no evidence here that the policy issued to Carolina Clean is state specific, as required by § 193 Comment f. Also, Crown Center was faced with a catastrophe that resulted in over one hundred deaths in the state of Missouri giving the court substantial interest in resolving the issue under Missouri law. Further, the court was faced with more than twenty insurance policies issued from multiple insurers governing a single incident

6

that occurred in the state of Missouri. Here, the facts do not indicate that Missouri has a materially greater interest in the issue. Additionally, Carolina Clean's policy with Nationwide did not disclose the location of each risk, therefore no location could be understood to be the principal location of the risk.

With multiple risk policies indicating no principal location for the insured risk, § 188 controls. See St. Paul Fire & Marine Ins. Co., v. Bldg. Constr. Enters. Inc., 526 F.3d 1166, 1168 (8th Cir. 2008). In St. Paul, the policy holder sought coverage for the repair and reconstruction of underground concrete structures located in Kansas, but also carried out construction in other states. Id. at 1167-68. The court found that nothing in the policies indicated the parties anticipated Kansas would be a primary location for the insured risks. Id. at 1169. Because there was no principal location, the court held that § 188 was the appropriate test. Like St. Paul, here Carolina Clean conducted business in multiple states. Also like St. Paul, nothing in the insurance policy indicated that one location would be the primary location of the insured risk. therefore, § 188 is the appropriate test in this case.

In order to determine which state has the most significant relationship to the transaction, the factors set forth in § 188 must be applied. The first § 188 factor is the place of contracting. Here, it is undisputed that the policy was contracted for in Virginia and issued through a Nationwide broker located in Virginia. The policy was delivered to Carolina Clean's post office box located in Virginia and it included an amendment entitled, "Virginia Changes." The second factor, the place of negotiation of the contract is not clear. There are no facts before the Court regarding the place of negotiation. The next two factors, the place of performance and the location of the subject matter of the contract, are difficult to evaluate because the contract of

7

insurance covered Carolina Clean in Virginia as well as Missouri. In addition, because Carolina Clean conducted business in both states, there was no single principal location of the risk. Therefore, the second, third and fourth factors do not weigh in favor of either state. The final factor is the domicile, residence, nationality, place of incorporation and place of business of the parties. Carolina Clean's 2007 annual registration report filed with the Missouri Secretary of State shows that its principal place of business or corporate headquarters was Newport News, Virginia. In addition, Nationwide is an Ohio corporation with its principal place of business in Ohio. It is undisputed that neither party is a Missouri corporation. Weighing these factors, it is clear that Virginia has the most significant relationship to the transaction.

**CONCLUSION**

This claim arises out of an injury that occurred in Missouri. However, there was no policy provision requiring the disclosure of specific locations of risks, nor was there any policy language specifically from Missouri included in the contract that would indicate that Missouri risks would be governed by Missouri law. Therefore, the site specific test under § 193 does not control.

Under § 188, the location of the risk is accorded less weight when the risks are spread over multiple states. Therefore, the factors under § 188 weigh in favor of interpreting the policy in accordance with Virginia law. Reyes has not established that there are no genuine issues of material fact as to Missouri law governing the interpretation of the policy.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment on the Issue of Choice of Law (Doc. 16) is **DENIED**.

Dated this 9th day of June, 2011.

                                                  /s/ Nannette A. Baker
                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE